**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 14-20034

ERRIC DEVOHN WATKINS,

    Defendant.
                                                   /

**ORDER SETTING MOTION HEARING**

Pending before the court is Defendant Erric Devohn Watkins's Motion to Suppress Evidence Seized During Warrantless Arrest. (Dkt. # 20.) The motion requests that the court suppress evidence obtained as a result of Watkins's January 13, 2014 arrest on the ground, *inter alia*, that the arresting officers conducted the arrest outside of their jurisdiction. (*Id.* at 83 ("[T]he[ arresting] officers were not in their jurisdiction, nor did they have local law enforcement assist them in this arrest.").)

The court concludes that a hearing is necessary to determine (1) whether the officers acted beyond their statutory authority in arresting Watkins, and, if so, (2) whether the extraterritorial arrest violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Cf. United States v. Evans*, 581 F.3d 333, 340 (6th Cir. 2009) (addressing a similar issue in dicta). *Compare United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994) ("[T]he appropriate inquiry for a federal court considering a motion to suppress evidence seized by state police officers is whether the arrest, search, or seizure violated the Fourth Amendment. The fact that the arrest,

search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended.") *with United States v. Master*, 614 F.3d 236, 239 (6th Cir. 2010) (holding that, where a warrant is invalid because the issuing judge did not have authority under state law to authorize the warrant, it "is invalid because it does not comply with the Fourth Amendment"). At the hearing, the parties should further argue these points. If the parties have additional evidence relevant to resolving these issues, such evidence may be presented during the hearing. A party expecting to present any more than about 30 minutes of witness testimony should notify the court's case manager to work out the scheduling implications. Accordingly,

IT IS ORDERED that the hearing on Defendant's Motion to Suppress Evidence Seized During Warrantless Arrest (Dkt. # 20), Motion to Suppress Evidence Seized During the Execution of an Invalid Search Warrant (Dkt. # 21), Motion to Suppress Evidence Seized on Additional Grounds (Dkt. # 32) set for January 22, 2015 at 9:00 am (Dkt. # 35) is CANCELED.[1]

---

[1] The court will address the merits of the Motion to Suppress Evidence Seized During the Execution of an Invalid Search Warrant (Dkt. # 21) and the Motion to Suppress Evidence Seized on Additional Grounds (Dkt. # 32) in a forthcoming opinion and order.

IT IS FURTHER ORDERED that a hearing on the Motion to Suppress Evidence Seized During Warrantless Arrest (Dkt. # 20) will occur on **January 22, 2015 at 10:00 AM**.

                                            s/ Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: January 14, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 14, 2015, by electronic and/or ordinary mail.

                                            S/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522