UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 14-20034

ERRIC DEVOHN WATKINS,

    Defendant.

                                                /

**ORDER DENYING DEFENDANT'S MOTION FOR PERMISSION TO FILE
RULE 17 SUBPOENA, GRANTING DEFENDANT PERMISSION
TO FILE A MOTION FOR RECONSIDERATION, AND
STOPPING THE SPEEDY TRIAL CLOCK**

Now before the court is Defendant Erric Devhon Watkins' Motion for Permission to File Rule 17 Subpoena, to File Supplemental Brief in Support of Motion for Reconsideration and to Deem Motion for Reconsideration Timely Filed. (Dkt. # 45.) Watkins was charged with five counts, including: possession with intent to distribute a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute a substance containing heroin in violation of 21 U.S.C. § 841(a)(1); maintaining a drug premises in violation of 21 U.S.C. § 856(a)(1); felon in possession of a firearm—armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e); and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Watkins filed two motions seeking to suppress evidence seized during a January 13, 2014 search of the property located at 16615 Rossini Drive, Wayne County, and a motion to suppress evidence seized during Watkins' arrest. (Dkt. ## 20, 21, 32.) On January 29, 2015, the court held an evidentiary hearing as to the third motion, at

which Detective Daryn Santini testified about the investigation of Watkins, including two controlled purchases that occurred outside of 16615 RossiniDrive.

On February 22, 2015, the court entered an order denying Watkins' three motions to suppress. (Dkt. # 40.)  In the order, the court found that Detective Daryn Santini's January 13, 2014 affidavit provided a "substantial basis" for the judge who issued the search warrant of 16615 Rossini Drive to find probable cause justifying the search warrant.  (*Id.* at 244.)  The affidavit states that Detective Santini observed Watkins exit the 11615 Rossini property and engage in hand-to-hand transactions on multiple occasions and that Watkins engaged in two controlled buys organized by Detective Santini.  (Dkt. # 24-2, Pg. ID 149-50.)  In one of his motions to suppress, Watkins challenged the truthfulness of the affidavit's statements about the controlled buys and argued:

> The search and search warrant should be invalidated for false statements in the affidavit.  There appear to be no contemporaneous written surveillance records, receipts, or logs, verifying the two "controlled buys" of heroin described by Det. Santini.  There appear to be no contemporaneous written surveillance records, receipts, or logs, verifying the disbursement of money to Det. Santini from the government, the disbursement of these amounts to the alleged undercover agent, or any actual giving of any funds to Defendant Watkins.  There appear to be no contemporaneous written records, receipts, or logs, verifying that any of the supposed heroin, supposedly received from Defendant, was logged in at any police agency as evidence.

(Dkt. # 32, Pg. ID 197-98.)

The court rejected Watkins' argument and found no basis for holding an evidentiary hearing to determine whether the search warrant was issued based on false information.  (Dkt. # 40, Pg. ID 247-48.)  In so holding, the court explained:

> While one would expect a sheriff's office to maintain a record of controlled drug buys, Detective Santini was not required to include any such record in

2

> his application for a search warrant. *Franks* places the burden on the defendant to make an offer of proof that the probable cause finding was based on a false statement. 438 U.S. at 155-56, 171. If Watkins had presented any proof that the Macomb County Sheriff's Office does not, in fact, have any records supporting Detective Santini's statement that he orchestrated two controlled drug buys between a confidential informant and Watkins, the court might find that a *Franks* hearing would be needed to determine whether the search warrant was supported by a valid affidavit. However, unsupported statements that there does not "appear" to be any record of the controlled buys does not amount to proof. To hold otherwise would ignore the affidavit's "presumption of validity" and shift the burden to the government to prove the affidavit's validity. Accordingly, because Watkins's allegations that there is no record of the controlled buys are not accompanied by any proof, the court will not grant an evidentiary hearing to determine whether the search warrant was issued based on false information.

(*Id.*)

On March 4, 2015, ten days after the court issued the order denying Watkins' motions to suppress, the court granted Watkins' attorney's motion to withdraw and directed the Federal Defendant's office to appoint new counsel for Watkins. (Dkt. # 42.) On the same day, the court received a mailing from Watkins, which appears to be a pro se motion requesting reconsideration of the order denying Watkins' motions to suppress. The mailing was not docketed; it is attached to Watkins' instant motion as Exhibit A. (Dkt. # 45-1.) On March 5, 2015, Douglas Wullkoff was appointed as counsel for Watkins. (Dkt. # 43, Pg. ID 266.) The court held an off the record status conference on March 19, 2015 at which the parties and the court discussed the possibility of Watkins filing a procedural motion such as the one now before the court.

In the instant motion, Watkins requests that the court (1) grant permission to subpoena the Macomb County Sheriff's Department for records related to Detective Santini's investigation of Defendant and the controlled buys referenced in Detective

3

Santini's affidavit; (2) accept Watkins's pro se motion for reconsideration as timely filed; and (3) permit Watkins—now with counsel—to supplement his pro se motion for reconsideration.

The government voluntarily produced the records sought by Watkins. Namely, the government provided Watkins with the case reports and property cards for two controlled buys that occurred in January 2014 at 16615 Rossini Drive. (Dkt. ## 47-2, 47-3, 47-4, Pg. ID 395-408.) Because the government voluntarily provided records related to the controlled buys, the request for a Rule 17(c) subpoena will be denied as moot.

The government does not object to deeming Watkins' pro se motion for reconsideration as timely, but argues that the court should deny Watkins' request to file a supplemental brief in support of the motion for reconsideration as moot. Douglas Wullkoff was not appointed as counsel for Watkins until March 5, 2015, and did not have a reasonable opportunity to supplement Watkins' pro se motion before the deadline for filing a motion for reconsideration passed. In the interests of justice and judicial economy, the court will permit Watkins' counsel to file one motion for reconsideration of the court's February 22, 2015 Opinion and Order Denying Motions to Suppress Evidence, in lieu of deeming Watkins' pro se motion as timely or permitting the filing of a supplemental brief. Accordingly,

IT IS ORDERED that Defendant Erric Devhon Watkins' Motion for Permission to File Rule 17 Subpoena, to File Supplemental Brief in Support of Motion for Reconsideration and to Deem Motion for Reconsideration Timely Filed (Dkt. # 45) is DENIED.

      IT IS FURTHER ORDERED that Defendant Erric Devhon Watkins may file a motion for reconsideration of the Opinion and Order Denying Motions to Suppress Evidence (Dkt. # 40) no later than **June 1, 2015**.  The motion will be deemed to have been filed as of March 4, 2015 and will be deemed timely for the purposes of local rules. The speedy trial clock is and remains stopped pending the filing and resolution of the motion for reconsideration.

                                          s/ Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 18, 2015, by electronic and/or ordinary mail.

                                          S/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522