**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 14-20034

ERRIC DEVOHN WATKINS,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO REDACT INFORMATION FROM
SEARCH WARRANT AFFIDAVIT AND TO QUASH THE SEARCH WARRANT**

    Now before the court is Defendant Erric Devhon Watkins' Motion to Redact Information from Search Warrant Affidavit Obtained through Police Misconduct and to Quash the Search Warrant in which Watkins requests that the court suppress all evidence seized pursuant to the execution of a search warrant at 16615 Rossini Drive in Wayne County.  (Dkt. # 50.)  Watkins was charged with five counts, including: possession with intent to distribute a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute a substance containing heroin in violation of 21 U.S.C. § 841(a)(1); maintaining a drug premises in violation of 21 U.S.C. § 856(a)(1); felon in possession of a firearm—armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e); and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  On January 13, 2014, Macomb County Detective Daryn Santini submitted an affidavit to Judge Carl Gerds of the 38th District of Michigan and obtained a search warrant for the property located at 16615 Rossini Drive in the City of Detroit and County of Wayne.  (Dkt. # 24-2, Pg. ID 147.)

According to the affidavit, Detective Santini organized two controlled buys between a confidential informant and Watkins in which Watkins sold the confidential informant a controlled substance. (*Id.* at 150.) Based on the search warrant, the Macomb County Sheriff's Department conducted a search of 16615 Rossini Drive.

Watkins now moves the court to suppress all evidence seized pursuant to the search warrant on the ground that Detective Santini did not have lawful authority to act under color of law when he orchestrated the two controlled buys referenced in the search warrant affidavit. (Dkt. # 50, Pg. ID 437, 442.) This matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Watkins' motion.

The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. "To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate 'a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (quoting *United States v. Jenkins,* 396 F.3d 751, 760 (6th Cir. 2005)). In its order dated February 22, 2015, the court held that the affidavit supported a finding of probable cause and, therefore, the search conducted pursuant to the search warrant did not violate the Fourth Amendment's prohibition against unreasonable searches and seizures. (Dkt. # 40, Pg. ID 244.)

Pursuant to the exclusionary rule, "[e]vidence obtained by a search and seizure that violates the Fourth Amendment is inadmissible in a criminal trial." *United States v. Wright*, 16 F.3d 1429, 1434 (6th Cir. 1994). This rule "emanates from the Fourth Amendment, not state law, and is a judicial response to a direct violation of the constitutional rights of the defendant. Its purpose is to deter—to compel respect for the constitutional guaranty in the only effectively available way—by removing the incentive to disregard it." *Id.* (internal quotation marks and citation omitted). In *United States v. Wright*, 16 F.3d 1429 (6th Cir. 1994), the Sixth Circuit held:

> [T]he appropriate inquiry for a federal court considering a motion to suppress evidence seized by state police officers is whether the arrest, search, or seizure violated the Fourth Amendment. *The fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended.* This is so because the exclusionary rule is only concerned with deterring Constitutional violations. Furthermore, this rule promotes uniformity in federal prosecutions.

*Id.* at 1437 (emphasis added).

Watkins seeks suppression of the evidence seized during the search of 16615 Rossini Drive essentially because Detective Santini violated (allegedly) one or more state laws in conducting the two controlled buys referenced in his affidavit. As a police officer with jurisdiction limited to Macomb County, Watkins argues, Santini could not have been exercising the authority and power of a peace officer in Wayne County. (Dkt. # 40, Pg. ID 440.) Watkins asserts that such a violation of state law would simultaneously violate Defendant's due process rights under the Fourteenth Amendment. (Dkt. # 50, Pg. ID 439.) However, the violations as alleged of a state law governing the jurisdictional authority of peace officers within the state, does not amount

3

to "a direct violation of the constitutional rights *of the defendant*" required to trigger the exclusionary rule. *Wright*, 16 F.3d at 1434 (citation omitted)(emphasis added).

In other words, irrespective of whether Detective Santini violated state law when conducting extraterritorial controlled buys, the search warrant and subsequent search did not offend any standards developed under the Fourth Amendment to the United States Constitution, and the exclusionary rule need not be considered. For the reasons stated in the court's February 22, 2015 order, the search warrant was supported by probable cause and the search of 16615 Rossini Drive did not violate the Fourth Amendment. Accordingly,

IT IS ORDERED that Defendant Erric Devhon Watkins' Motion to React Information from Search Warrant Affidavit Obtained through Police Misconduct and to Quash the Search Warrant in which Watkins requests that the court suppress all evidence seized pursuant (Dkt. # 50) is DENIED.

>s/ Robert H. Cleland
>ROBERT H. CLELAND
>UNITED STATES DISTRICT JUDGE

Dated:  August 14, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 14, 2015, by electronic and/or ordinary mail.

>S/Lisa Wagner
>Case Manager and Deputy Clerk
>(313) 234-5522