UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.              Case No. 14-20034

ERRIC DEVOHN WATKINS,

  Defendant.
             /

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

  Now before the court is Defendant Erric Devhon Watkins' Motion for Reconsideration (Dkt. # 51) which requests that the court reconsider its denial of three motions to suppress filed by Watkins. (Dkt. # 40.) Watkins was charged with five counts, including: possession with intent to distribute a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute a substance containing heroin in violation of 21 U.S.C. § 841(a)(1); maintaining a drug premises in violation of 21 U.S.C. § 856(a)(1); felon in possession of a firearm—armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e); and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). He filed two motions seeking to suppress evidence seized during a January 13, 2014 search of the property located at 16615 Rossini Drive, Wayne County, and a motion to suppress evidence seized during Watkins' arrest. (Dkt. ## 20, 21, 32.) On January 29, 2015, the court held an evidentiary hearing as to the third motion, at which Detective Daryn

Santini testified about the investigation of Watkins, including two controlled purchases that occurred outside of 16615 Rossini Drive.

On February 22, 2015, the court entered an order denying all three motions to suppress. (Dkt. # 40.) The court granted Watkins permission to file the instant motion for reconsideration. The court's previous order set forth the general factual and procedural history of this case, and familiarity with such history is presumed. This matter is fully briefed, and no hearing is needed. See E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Watkins' motion.

## I.  STANDARD

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp.3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp.2d 682, 684 (E.D. Mich. 2004)). The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon buy the court." E.D. Mich. L.R. 7.1(h)(3).

## II.  DISCUSSION

Watkins points to small, alleged inconsistencies in Detective Santini's January 29, 2015 testimony and a police report created on January 13, 2014 (Dkt. ## 46, 51-3) to argue that the court "was misled by palpable defects" in finding that "officers continuously pursued [Watkins] without deviating for some other purpose" after observing him driving on a suspended license. (Dkt. # 51, Pg. ID 452-54.) In particular,

Watkins asserts that the following testimony and statements regarding the events leading to Watkins' arrest for driving on a suspended license are inconsistent with each other and the court's finding that the detectives continuously pursued Watkins after observing him driving on a suspended license:

- When asked what Watkins did when he arrived at a club after Detective Santini observed Watkins driving on a suspended license, Detective Sanitni testified, "I actually wasn't in a position to follow him straight through.  So I had actually lost sigh of him for a time.  I had to get back in position.  I found his vehicle sitting in the parking lot of the club."  (Dkt. # 51, Pg. ID 452.)  He also testified that other officers also "were looking in the area for him" and "also lost sight of him for a short time."  (*Id.* at 453.)

- Later, Detective Santini testified that "somebody in [his] crew . . . was able to view [Watkins]" until he arrived at the night club. (*Id.* at 453-54.)

- Detective Santini testified that he began following Watkins when he exited the residence at 16615 Rossini Drive. (*Id.*)

- When asked to describe how he followed Watkins after he left the 1615 Rossini Drive property, Detective Santini testified that, on Eight Mile, he "was able to get next to the defendant on his right side, look into his window and observe that it was indeed the defendant."  (*Id.*)

- Detective Santini's January 13, 2014 police report states that, after a valet parked Watkins' car at a night club, "[Detective Santini] was able to get a good look at the subject and positively identified him as Erric Watkins . . . ." (Dkt. # 51-3, Pg. ID 465.)

- Watkins claims that the police report states that the detectives "'found' [Watkins'] car in the parking lot" of the club.  (*Id.* at 453.)

- Detective Santini testified that he did not arrest Watkins when Watkins entered the night club because "I didn't have sight of him . . . ."  (*Id.*)

- Shortly thereafter, Detective Santini testified that he did not enter the club to make an arrest because "[w]e thought it would be safer to have [Watkins] come out of the club instead of making a scene or having something happen inside of that club.  (*Id.*)

3

None of the police report excerpts or testimony above is inconsistent with the court's finding that, after witnessing Watkins commit a misdemeanor, the officers continuously pursued him without deviating for some other purpose. Moreover, the minor apparent inconsistencies in Detective Santini's testimony regarding whether other officers briefly lost sight of Watkins during their pursuit or observed Watkins during the entire pursuit does not rise to the level of a palpable defect or otherwise alter the court's determinations as to Detective Santini's credibility and the lawfulness of Watkins' arrest. Similarly, it is not clear to the court that there was any inconsistency in the testimony and the police report regarding when Detective Santini began pursuing Watkins and when he identified Watkins; to the extent there is a degree of inconsistency, this too does not rise to the level of a palpable defect or otherwise alter the court's determinations as to Detective Santini's credibility and the lawfulness of Watkins' arrest. Last, Detective Santini's explanation for why he waited until Watkins exited the night club to make the arrest is not internally inconsistent and does not give rise to a palpable defect. Accordingly,

IT IS ORDERED that Defendant Erric Watkins' Motion for Reconsideration (Dkt. # 51) is DENIED.

s/ Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 14, 2015, by electronic and/or ordinary mail.

                                             S/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522