UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERRIC WATKINS,

    Defendant.
_____/

Case No. 14-cr-20034
Hon. Matthew F. Leitman

## **ORDER FOR SUPPLEMENTAL BRIEFING**

On February 22, 2017, Defendant Erric Watkins filed a motion under 28 U.S.C. § 2255 in which he seeks relief from his sentence. (*See* ECF #73.) In the motion, Watkins argues that the Court wrongly sentenced him as an armed career criminal after it erroneously determined that certain of his prior convictions constituted "serious drug offenses" under 18 U.S.C. § 924(e)(2)(a)(ii). Watkins filed a brief in support of the motion (*see* ECF #73); the Government responded (*see* ECF #77); and Watkins has filed a "rebuttal" (*see* ECF #83). Upon review of these filings, the Court has determined that it would benefit from additional briefing. Accordingly, the Court orders the Government to file a supplemental brief addressing the following issues:

    1.    The Government relies on the decisions in *United States v. Solomon*, 592 Fed. App'x 359 (6th Cir. 2014) and *United States v. Tibbs*, 2017

WL 1314933 (6th Cir. Apr. 10, 2017). The Sixth Circuit subsequently adopted the analysis of *Tibbs* in *United States v. House*, __ F.3d __, 2017 WL 2569706 (6th Cir. June 14, 2017). In all three of these decisions, the Sixth Circuit addressed whether a prior conviction under M.C.L. 333.7401 *et seq.* qualified as a "controlled substance offense" under the United States Sentencing Guidelines. What controlling (or other) authority supports the proposition that the analysis of that issue under the Sentencing Guidelines is applicable to the analysis of whether a conviction under the Michigan statute qualifies as a "serious drug offense" under 18 U.S.C. § 924(e)(2)(a)(ii)?

2. Watkins argues that the scope of a "delivery" under M.C.L. § 333.7401 *et seq.* is broader than the scope of a "delivery" under the Armed Career Criminal Act because under the Michigan statute, a "delivery" includes an attempted delivery. (*See* pages 5-8 of Watkins' Reply, ECF #83 at Pg. ID 689-92.) Is Watkins correct that the scope of a "delivery" differs under the relevant Michigan and federal statutes? If he is correct, does the difference in scope preclude the Court from treating any of Watkins' prior convictions as "serious drug offenses" under 18 U.S.C. § 924(e)(2)(a)(ii)?

3. If the Court applies the modified categorical approach, what sources and/or documents in the record may the Court consult in order to determine precisely the crimes for which Watkins was previously convicted?

The Government shall file its brief addressing these issues (and any other issues raised in Watkins' rebuttal that the Government wishes to address) by August 3, 2017. Watkins may respond to the government's supplemental brief by August 24, 2017.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 13, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764