UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                                 Case No. 14-cr-20034
                                                 Hon. Matthew F. Leitman
v.

ERRIC DEVOHN WATKINS,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (ECF #73) AND GRANTING A LIMITED CERTIFICATE OF APPEALABILITY

Defendant Erric Watkins has moved under 28 U.S.C. § 2255 to vacate the sentence imposed upon him in this criminal case. (*See* Mot. to Vacate, ECF #73.) For the reasons explained below, Watkins' motion is **DENIED**, but the Court **GRANTS** a **LIMITED CERTIFICATE OF APPEALABILITY**.

**I**

On January 23, 2014, a grand jury indicted Watkins on multiple drug and firearms charges. (*See* Indictment, ECF #7.) On October 8, 2015, Watkins entered into a Rule 11 Plea Agreement under which he agreed to plead guilty to Count Four of the Indictment. (*See* Plea Agreement, ECF #65 at Pg. ID 530.) That count charged Watkins with being a felon in possession of a firearm in violation of 18 U.S.C.

1

§ 922(g)(1). (*See* Indictment, ECF #7 at Pg. ID 18.) Count Four further alleged that Watkins was subject to enhanced penalties under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA"), because he had previously been convicted of three or more "serious drug offenses."[1] (*Id.*)

After some preliminary proceedings, Watkins decided to enter a guilty plea pursuant to a Rule 11 Plea Agreement. In Watkins' Plea Agreement, he admitted that he had "at least three prior felony convictions that are serious drug offenses or crimes of violence, under the [ACCA]." (Plea Agreement, ECF #65 at Pg. ID 531.) These ACCA predicate offenses were "listed on the [] worksheets" attached to the Plea Agreement. (*Id.*) On October 8, 2015, Watkins appeared before the Court and entered a guilty plea pursuant to his Rule 11 Plea Agreement.

---

[1] The ACCA defines "serious drug offense" as:

> (i)    an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii)    an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

18 U.S.C. § 924(e)(2)(A).

Prior to sentencing, the Probation Department prepared a presentence investigation report (the "PIR"). The PIR confirmed that, as Watkins acknowledged in the Plea Agreement, he had been convicted of three prior "serious drug offenses" and was thus subject to an enhanced sentence under the ACCA. (*See* PIR at ¶11.) The PIR identified the ACCA predicate offenses as:

(1) "Count 1, Delivery/Manufacture Less Than 50 Grams and Count 2, Conspiracy to Deliver[]/Manufacture Less Than 50 Grams in 16th Circuit Court, in Mount Clemens, Michigan, under Docket No.: 01-2325-FH" (*id.*);

(2) "Count 1, Delivery/Manufacture (Narcotic or Cocaine) Less Than 50 Grams, and Count 3, Delivery/Manufacture Marijuana in Third Circuit Court, in Detroit, Michigan, under Docket No.: 03-000182-01-FH" (*id.*); and

(3) "Counts 1 and 2, Delivery/Manufacturing Cocaine, Greater Than 50 Grams in 16th Circuit Court, Mt. Clemens, Michigan, under Docket No. 09-5833-FH." (*Id.*)

Watkins did not file any objections to the PIR. (*See id.* at A-1.)

Prior to sentencing, Watkins filed a Sentencing Memorandum with the Court. (*See* Watkins Sentencing Memorandum, ECF #71.) On the first page of that filing, Watkins acknowledged that "he [was] subject to a mandatory fifteen year minimum sentence under 18 U.S.C. § 924(e)." (*Id.* at Pg. ID 573.)

Watkins appeared before the Court for sentencing on May 26, 2016. During the sentencing proceedings, he did not object to the determination in the PIR that he

was subject to an enhanced sentence under the ACCA because he had three prior "serious drug offenses."

The Court ultimately adopted the PIR as written and concluded that Watkins had been convicted of the three prior "serious drug offenses" identified in the PIR. The Court sentenced Watkins to 180 months in custody – the mandatory minimum required by the ACCA. Watkins did not appeal his conviction or sentence.

Watkins has now moved for relief from his sentence under 28 U.S.C. § 2255. (*See* Mot. to Vacate, ECF #73.) He seeks relief on two grounds: first, that his prior convictions did not qualify as "serious drug offenses" under the ACCA, and, second, that his attorney was ineffective for failing to object to the Court's decision to treat the prior offenses as "serious drug offenses." The Government opposes Watkins' motion. (*See* Government Resp. Br., ECF #77.)

## II

Watkins is not entitled to relief on either ground advanced in his motion because the fundamental premise underlying each ground – that his prior convictions cannot be treated as "serious drug offenses" – is wrong.[2]

---

[2] The Government argues that Watkins procedurally defaulted his claim that the Court erred in treating his prior convictions as ACCA predicates because he did not raise that claim on direct appeal. (*See* Gov't Resp., ECF # 77 at Pg. ID 665-66.) The Government insists that Watkins is limited to his ineffective assistance claim. Watkins responds, in part, that there was no procedural default because his claim relies in large part on the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), and the Supreme Court decided that case after the time for

**A**

In order to determine whether a prior conviction qualifies as a "serious drug offense" under the ACCA, courts generally apply the "categorical approach." *See Mathis v. United States*, 136 S.Ct. 2243, 2248-49 (2016). The Sixth Circuit has described the analysis under that approach as follows:

> We look to the fact of conviction and the statutory definition of the prior offense. We then compare the elements of the crime of conviction with the elements of the generic version of the listed offense—*i.e.*, the offense as commonly understood. The prior conviction qualifies as an ACCA predicate offense only if its elements are the same as, or narrower than, those of the generic offense.

*United States v. Quarles*, 850 F.3d 836, 838 (6th Cir. 2017) (internal punctuation and citations omitted).

Watkins urges the Court to apply the categorical approach here. He argues at great length that he is entitled to relief under that approach because (1) all of his prior convictions involved violations of Mich. Comp. Laws § 333.7401 and (2) that

---

Watkins' direct appeal. Watkins further contends that his attorney's ineffective assistance is sufficient to establish the cause and prejudice necessary to excuse a procedural default. (*See* Watkins Reply, ECF #83 at Pg. ID 684.) The Court exercises its discretion to proceed directly to the merits of both claims and to deny them on the merits because, in the Court's view, that is the most expeditious way to proceed. *See, e.g., Utley v. United States*, 2016 WL 337750, at *3 (E.D. Mich. 2016) (proceeding directly to merits of a claim alleged to have been procedurally defaulted); *United States v. Turner*, 2015 WL 4642851, at *4 n.3 (E.D. Mich. 2015) (same).

statute "covers more conduct than the generic drug offense defined in 18 USC § 924(e)(2)(A)(ii)." (Mot. to Vacate, ECF #73 at Pg. ID 615.)

But the categorical approach does not apply to Watkins' prior convictions. That approach does not control "where the statute [underlying the prior] conviction is 'divisible.'" *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017) (quoting *Descamps v. United States*, 133 S.Ct. 2276, 2284 (2013)). And Mich. Comp. Laws § 333.7401 "is divisible." *Id.* at 753. Thus, the categorical approach is inapplicable here, and Watkins is not entitled to relief based on that approach.

**B**

Because Mich. Comp. Laws § 333.7401 is divisible, the Court must apply the "modified categorical approach" to determine whether Watkins' prior convictions under that statute qualify as ACCA predicate offenses. *Id.* (quoting *Descamps*, 133 S.Ct. at 2284). The modified categorical approach "entails sorting through the alternative elements to determine whether any of them 'matches an element in the generic offense,' and if one does, 'consult[ing] a limited class of documents ... to determine which alternative formed the basis of the defendant's prior conviction.'" *Id.* (quoting *Descamps*, 133 S.Ct. at 2281).

In Watkins' original motion, he offered no arguments under the "modified categorical approach." However, Watkins addressed that approach in his reply. (*See* Watkins Reply, ECF #83.) There, Watkins argued that "if the modified categorical

approach is used, the court will have to compare the definition of 'deliver' [as used in Mich. Comp. Laws § 333.7401] to the definition of 'serious drug offense' as it is defined under the ACCA statute." (*Id.* at Pg. ID 689-94.) Watkins insisted that "the court will find that the delivery definition [under Mich. Comp. Laws § 333.7401] is broader" than the federal definition of "delivery" of controlled substances because the Michigan definition includes an "attempted transfer," and the federal definition does not. (*Id.* at Pg. ID 690.) Watkins also argued that the Michigan definition is broader because it "encompasses delivery of prescription forms as well as controlled substances." (*Id.*) Watkins asserted that in light of these differences, his prior Michigan convictions for delivery of controlled substances should not have been counted as ACCA predicates under the "modified categorical approach." The Court disagrees.

The fact that a "delivery" of controlled substances under Michigan law may include an attempt to deliver does not render the Michigan definition of "delivery" broader than the generic definition of "delivery" of controlled substances. The generic definition "is found by surveying how the crime is described across jurisdictions, as well as consulting sources such as the Model Penal Code." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012). The Model Penal Code does not define a "delivery" of controlled substances, but most jurisdictions define the offense – as Michigan does – to include an attempted delivery. For instance,

under the federal Controlled Substances Act, a "delivery" is "the actual, constructive, *or attempted* transfer of a controlled substance…." 21 U.S.C. § 802(8) (emphasis added). Likewise, as set forth in the note below, numerous state laws define "delivery" of controlled substances to include an attempted delivery.[3] Watkins has not directed the Court to a single definition of "delivery" under the law of any jurisdiction that excludes attempted deliveries. Thus, the Court concludes that the generic definition of "delivery" of controlled substances and "the definition[] of 'delivery'" under Mich. Comp. Laws § 333.7401 "are materially identical." *Williams v. United States*, 2017 WL 4675362, at *4 (E.D. Mich. 2017) (rejecting argument under modified categorical approach that a prior delivery conviction under Mich. Comp. Laws § 333.7401 should not have counted as a

---

[3] *See, e.g.*, Ark. Code § 5-64-101(6) ("'Deliver' or 'delivery' means the actual, constructive, or *attempted* transfer from one (1) person to another of a controlled substance or counterfeit substance in exchange for money or anything of value . . . ." (emphasis added)); Fla. Stat. § 893.02(6) ("'Deliver' or 'delivery' means the actual, constructive, or *attempted* transfer from one person to another of a controlled substance . . . ." (emphasis added)); 720 Ill. Comp. Stat. 570/102(h) ("'Deliver' or 'delivery' means the actual, constructive or *attempted* transfer of possession of a controlled substance . . . ." (emphasis added)); Iowa Code § 124.101(7) ("'Deliver' or 'delivery' means the actual, constructive, or *attempted* transfer from one person to another of a controlled substance . . . ." (emphasis added)); Or. Rev. Stat. § 475.005(8) ("'Deliver' or 'delivery' means the actual, constructive or *attempted* transfer, other than by administering or dispensing, from one person to another of a controlled substance . . . ." (emphasis added)); W. Va. Code § 60A-1-101(h) ("'Deliver' or 'delivery' means the actual, constructive or *attempted* transfer from one person to another of: (1) A controlled substance, whether or not there is an agency relationship; (2) a counterfeit substance; or (3) an imitation controlled substance." (emphasis added)).

"controlled substance offense" under § 4B1.2 of the United States Sentencing Guidelines because a generic delivery under federal law does not include an attempt to deliver); *Gonzalez v. United States*, 2017 WL 2874739 (E.D. Mich. 2017) (same). Accordingly, Watkins is not entitled to relief under the "modified categorical approach" on the ground that the elements of his Michigan delivery convictions were broader than the elements of the generic federal delivery offense.

Watkins counters that when the ACCA definitions of "serious drug offense" and "violent felony" are read together, it becomes clear that a "serious drug offense" cannot include an attempted delivery. (*See* Watkins Reply, ECF #83 at Pg. ID 692.) Watkins notes that the definition of "violent felony" includes a specific reference to crimes that have as an element the "attempted use" of force, 18 U.S.C. 924(e)(2)(B)(1), and Watkins highlights that the definition of "serious drug offense" does not contain a single reference to an "attempt." Watkins concludes that the inclusion of attempt in the definition of "violent felony" and omission of attempt from "serious drug offense" demonstrates that Congress did not intend "serious drug offenses" to include attempt offenses. (*Id*. (citing *Russello v. United States*, 464 U.S. 16, 23 (1983).)

This is a serious argument, and Watkins' reliance on the *Russello* canon of statutory construction is not unreasonable. However, "*Russello* does not provide a dispositive canon. Even at its strongest, *Russello* provides a single canon, a subset

of a single tool of statutory interpretation, which may be displaced by other tools."
*Grant Trunk W. R.R. Co. v. United States Dep't of Labor*, 875 F.3d 821, 825 (6th
Cir. 2017). The Court concludes that the *Russello* canon is not strong enough to
overcome the strong evidence – set forth above in the survey of federal and state law
– that the generic offense of delivery of controlled substances includes an attempted
delivery and that Congress intended an attempted drug delivery (with a sufficient
minimum sentence) to qualify as an ACCA predicate offense.[4]

Finally, it is no help to Watkins that a "delivery" under Michigan law may
include delivery of a prescription form. The judgments of conviction entered against
Watkins demonstrate that he was convicted of delivering actual controlled
substances, not delivering prescription forms.[5] The judgments make clear that

---

[4] Watkins has also submitted to the Court a supplemental sentencing memorandum
filed by the defendant in *United States v. Miracle*, No. 16-cr-20041 (E.D. Mich.).
(*See* Letter and Attachments, ECF #92.) The supplemental memo makes an
argument similar to Watkins' argument here, and Watkins contends that the
Government agreed with the argument and that the defendant obtained relief based
upon the argument. That is incorrect. The transcript of the sentencing hearing
reveals that the Government objected to the assertions in the supplemental
sentencing memorandum and that the defendant then withdrew the memorandum
and the arguments contained therein. (Sentencing Tr., *United States v. Miracle*, No.
16-cr-20041 (E.D. Mich.), ECF #44 at Pg. ID 242, 244-45.)

[5] The Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13 (2005),
lists documents that a federal court may consider when determining the nature of a
prior conviction. The judgments entered against Watkins – which are attached
hereto as Appendix A – are "valid *Shepard* documents." *United States v. Moore*, 578
Fed. App'x. 550, 554 (6th Cir. 2014) (collecting cases). The judgments cite to
provisions of the Michigan statute that pertain to the delivery of controlled

Watkins was not convicted of a delivery offense that exceeds the scope of a generic drug "delivery." Therefore, Watkins has not shown an entitlement to relief under the "modified categorical approach."

Finally, because Watkins is not entitled to relief under either the categorical approach or the modified categorical approach, Watkins' attorney was not ineffective for failing to object to the Court's decision to treat Watkins' prior offenses as "serious drug offenses." The objection would have been overruled, and a defense attorney's failure to make a futile objection does not amount to ineffective assistance. *See United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).

## III

The Court grants Watkins a certificate of appealability under 28 U.S.C. § 2253(c)(1) limited to the question of whether his counsel was ineffective for failing to object to the Court's treatment of those offenses as ACCA predicate offenses. Allowing Watkins to appeal on that issue is appropriate under § 2253(c)(1) because (1) reasonable jurists could debate whether the Court properly rejected the premise of that claim – i.e., that Watkins' prior convictions should not have been treated as ACCA predicates – and (2) the issues that are intertwined with the claim – especially

---

substances, not the delivery of prescriptions, and the judgments also refer to controlled substances. (*See* Appendix).

Watkins' arguments concerning the *Russello* canon and its applicability here – deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). And limiting the certificate of appealability to Watkins' ineffective assistance claim is appropriate because that is the sole constitutional claim raised in his motion. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right"); *Medellin v. Dretke*, 544 U.S. 660, 666 (2005) ("A certificate of appealability may be granted only where there is a substantial showing of the denial of a *constitutional* right.") (emphasis in original) (quotations omitted).

## IV

For the reasons explained above, **IT IS HEREBY ORDERED** that Watkins' motion to vacate his sentence (ECF #73) is **DENIED** and a **LIMITED CERTIFICATE OF APPEALABILITY** is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 17, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 17, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764